IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DARSHAWN WITHERSPOON,

      Plaintiff,

  vs.                        CIVIL ACTION
                                  No. 11-3087-SAC

JAMES FLOREZ, et al.,

      Defendants.


**MEMORANDUM AND ORDER**

This matter comes before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is in state custody following a probation violation. He proceeds pro se and seeks leave to proceed in forma pauperis.

*Motion to proceed in forma pauperis*

Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Plaintiff has supplied limited financial records, and the court, having examined them, finds the average monthly deposit to plaintiff's account is $200.00, and the average monthly

balance is $71.19.  The court therefore assesses an initial partial filing fee of $40.00, twenty percent of the average monthly deposit, rounded to the lower half dollar.[1]

**Screening**

Because the plaintiff is a prisoner who has sued government officials, the court must conduct a screening of the complaint. *See* 28 U.S.C. § 1915A(b)(requiring screening of civil actions filed by prisoners against governmental employees).

The court has conducted that screening and has identified two claims presented in this matter.  First, plaintiff appears to allege he is wrongly incarcerated, and he cites a conflict of interest in the Wyandotte County criminal justice system.  He seeks monetary damages.  Second, plaintiff alleges a taser was used against him in 2007.

*Claim of wrongful incarceration*

First, to the extent plaintiff alleges he is wrongfully incarcerated, his claim must be presented to the state courts, and then, if he is not successful, in a federal habeas corpus action.  *See McIntosh v. United States Parole Commission*, 115

---

[1] Plaintiff's payments will continue until he satisfies the $350.00 filing fee in this action.  These payments will be made in installments calculated pursuant to 28 U.S.C. §1915(b)(2).

F.3d 809, 812 (10th Cir. 1997)(A habeas corpus action is used to challenge the fact or duration of a prisoner's confinement and seeks immediate release or a reduced of confinement; a civil rights action, in contrast, is used to challenge the prisoner's conditions of confinement).

Next, while plaintiff seeks monetary damages in this matter, he may pursue such relief arising from unlawful incarceration only if he first obtains relief from the incarceration itself. *See Heck v. Humphrey,* 512 U.S. 477, 487 (1994) ("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated").

Therefore, plaintiff may proceed on his damages claim only if he can demonstrate that his confinement has been held to be unlawful. The court will direct him to show cause why his claim should not be dismissed without prejudice on that ground.

*Use of taser in 2007*

Plaintiff also appears to assert an unrelated claim that he was subjected to the use of a taser in 2007. A limitation period of two years applies in a § 1983 action filed in Kansas. *See Baker v. Board of Regents of State of Kan.,* 991 F.2d 628,

630-31 (10th Cir. 1993).

Under federal law, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir.), *cert. denied,* 549 U.S. 1059 (2006); *see Thorpe v. Ancell*, 367 Fed.Appx. 914, 920 (10th Cir. 2010)(unpublished). On the facts presented, plaintiff surely knew of the use of the taser immediately, and his claim therefore accrued in 2007. Plaintiff does not suggest any reason he was unable to present his claim within the two-year limitation period, and the court will direct him to show cause why this matter should not be dismissed as time-barred.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before July 18, 2011, plaintiff shall submit an initial partial filing fee of $40.00. Any objection to this order must be filed on or before the date payment is due.

IT IS FURTHER ORDERED that on or before July 18, 2011, plaintiff shall show cause why his claim seeking damages for unlawful incarceration should not be dismissed without prejudice.

IT IS FURTHER ORDERED that on or before July 18, 2011, plaintiff shall show cause why his claim alleging the unlawful application of a taser in 2007 should not be dismissed with prejudice as time-barred.

4

IT IS FURTHER ORDERED the failure to file a timely response may result in the dismissal of this matter without additional prior notice to the plaintiff.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 16th day of June, 2011.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge